IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WASHINGTON, D.C.

| | |
|---|---|
| **ROGER DANIEL**<br>1309 Centaur Drive<br>Forestville, MD 20747<br><br>                Plaintiff,<br><br>vs.<br><br>**THE JOHNS HOPKINS UNIVERSITY**<br>("JHU")<br>SERVE:<br>Mark B. Rotenberg<br>113 Garland Hall<br>3400 N. Charles Street<br>Baltimore, MD 21218<br><br>       And<br><br>**GEORGE PETASIS**<br>4529 Yorkshire Drive<br>Ellicott City, MD 21043<br><br>       And<br><br>**SHANNA HINES**<br>SERVE:<br>Mark B. Rotenberg<br>113 Garland Hall<br>3400 North Charles Street<br>Baltimore, MD 21218<br><br>                Defendants. | **COMPLAINT AND**<br>**DEMAND FOR JURY**<br>**TRIAL**<br><br><br>**Civil Action No.** |

1. Roger Daniel ("Plaintiff") brings this action under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991, ("Title VII"), the District of Columbia Human Rights Act ("DCHRA"), District of Columbia common law for damages arising from

discrimination based on race and the discriminatory terms and conditions of employment imposed by the above captioned Defendants, and common law battery.

## JURISDICTION

2. This Court has jurisdiction pursuant to 42 U.S.C. §1981, Title VII, and this Court's power to assert ancillary and pendant jurisdiction of state law claims based on DCHRA and Washington, D.C. common law.

## VENUE

3. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, because Plaintiff's claims arise within this district, and the Defendants' conduct a substantial and significant amount of business within this district.

## PARTIES

4. Defendant The Johns Hopkins University's ("JHU") principle place of business is 3400 N Charles Street, Baltimore, MD 21218.

5. JHU conducts business in this district through The Johns Hopkins University – School of Advanced International Studies ("JHU-SAIS") located at 1740 Massachusetts Avenue, NW, Washington, D.C. 20036.

6. At all relevant times, Defendant, Mr. George Petasis, was Plaintiff's supervisor at JHU-SAIS.

7. Plaintiff is an African-American male who is a United States citizen and a resident of the State of Maryland, who has been injured by the acts and practices described herein.

8. Plaintiff was an employee of JHU-SAIS as defined by 42 U.S.C. § 1981, Title VII, 42 U.S.C. § 2000(e) and The Human Rights Division of the District of Columbia.

9. On April, 22 2013, Plaintiff filed a Charge of Discrimination with the EEOC.

10. On November 26, 2013, the EEOC issued a Notice of Right to Sue.

11. The Plaintiff has exhausted his administrative remedies and filed this Complaint within ninety (90) days of the Notice of Right to Sue.

## FACTS

12. Plaintiff an African-American began employment with JHU-SAIS at 1740 Massachusetts Avenue, NW, Washington, D.C. on December 11, 2012.

13. He was employed as the Multimedia Production Coordinator.

14. In this position, Plaintiff provided management of, and technical support for multimedia operation, execution, and maintenance for a large number of classrooms, conference rooms, and auditoriums in a customer focused academic environment consisting of executive, educational, conference and routine meetings.

15. Plaintiff came to JHU-SAIS with over twenty-five (25) years of multimedia experience.

16. He received numerous accolades and awards for his work product.

17. He worked for CNN, ABS, Fox News, ESPN, and Monday Night Football.

18. Plaintiff taught at both Howard University and Texas A&M.

19. He has a master's degree in Organizational Communications and is well regarded in the industry by his peers both within and outside Washington, D.C area for both his character and work product.

20. The harassment at JHU-SAIS began immediately.

21. On Plaintiff's first day, his manager a Caucasian male, Defendant George Petasis started to physically assault him.

22. Plaintiff was hit by Mr. Petasis at least a dozen times.

23. Plaintiff is unaware of Mr. Petasis' assault or batteries of any Caucasian employees.

24. Plaintiff believes that Mr. Petasis hit him out of frustration and anger.

25. Plaintiff and Mr. Petasis were not friends and Plaintiff did not give Mr. Petasis permission to repeatedly touch him.

26. The Defendant Mr. Petasis had been warned previously by Defendant JHU to not touch any of his fellow employees or subordinates.

27. Upon observing the Defendant in the work area Plaintiff would position himself to prevent the Defendant from hitting him.

28. Plaintiff in accordance with JHU-SAIS' harassment policy reported the conduct to his direct supervisor Ms. Sharon Richardson.

29. Ms. Richardson promptly brought the complaint to the attention of his supervisor Mr. Petasis.

30. The misconduct did not stop after this complaint was made known to Mr. Petasis.

31. On December 18, 2013, Mr. Petasis' physical contact with Plaintiff caused Mr. Daniel to lose his balance and fall to the floor.

32. This incident was observed by another JHU-SAIS employee.

33. In January 2013, Mr. Petasis physically assaulted Plaintiff in front of Mr. Mike Berano, another JHU-SAIS employee.

34. On January 24, 2013, Plaintiff met with Ms. Shanna Hines, the head of human resources at JHU-SAIS and filed an abuse complaint.

35. At this meeting, Plaintiff also expressed fear of retaliation directly to Ms. Hines.

36. Plaintiff also expressed his fear of retaliation in writing at least three (3) times in his complaint.

37. Plaintiff did not make an official paper complaint because he feared reprisal by Defendant George Petasis.

38. On January 25, 2013, Plaintiff filed a formal complaint with JHU-SAIS human resources and with the Johns Hopkins University Office of Institutional Equity in Baltimore, Maryland.

39. On January 26, 2013, Plaintiff emailed an Equity Compliance form to Ms. Linda Daley-Atila.

40. On February 4, 2013, ten (10) days after making his official complaint, Plaintiff was wrongfully terminated from JHU-SAIS.

41. On April 23, 2013, Plaintiff had surgery on his shoulder for pain and injuries suffered due to the hits sustained by the misconduct of Mr. Petasis.

42. Plaintiff was also subjected to intense scrutiny by Mr. Muhammad Elahi at the suggestion of Mr. Petasis.

43. Plaintiff believes this scrutiny was uncalled for and discriminatory in nature.

44. As a result of the Defendants' foregoing actions, Plaintiff suffered extreme stress, extreme anguish, loss of self-confidence, loss of self-worth, extreme humiliation, and loss of compensation.

## COUNT I
## (42 U.S.C. §1981)

45. Plaintiff realleges and incorporates by reference paragraphs 1 – 44.

46. The Defendants discriminated against the Plaintiff by denying him the same rights as enjoyed by Caucasian employees with regard to the making, performance and/or modification of his employment relationship with the Defendants and with regard to the enjoyment of all benefits, privileges, terms and conditions of that relationship in violation of the Civil Rights Act of 1866 as amended, 42 U.S.C. §1981.

47. The Defendants' conduct has been intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff under the law.

48. By virtue of the Defendants' conduct as alleged herein, Plaintiff has been injured.

## COUNT II
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. §2000(e) et seq.

49. Plaintiff realleges and incorporates by reference, paragraphs 1 - 48 above.

50. The Defendant, JHU, discriminated against Plaintiff with respect to the terms and conditions of employment because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et seq., as amended by the Civil Rights Act of 1991.

51. The Defendant's conduct has been intentional, deliberate, and willful and conducted in callous disregard of the rights of Plaintiff under the law.

52. By virtue of the Defendant's conduct as alleged herein, Plaintiff has been injured.

## COUNT III
### DISTRICT OF COLUMBIA HUMAN RIGHTS ACT OF 1977
### TITLE 2 SUBSCHAPTER 14

53. Plaintiff realleges and incorporates by reference paragraphs 1 - 52 above.

54. The Defendants discriminated against Plaintiff by denying him the same rights as enjoyed by Caucasian employees with regard to the terms and conditions of his employment in violation of the District of Columbia Human Rights Act of 1977 Title 2 Subchapter 14 et seq.

55. The Defendants' conduct has been intentional, deliberate, and willful and conducted in callous disregard of the rights of Plaintiff under the law.

56. By virtue of the Defendants' conduct as alleged herein, Plaintiff has been injured.

## COUNT IV
### COMMON LAW ASSAULT/BATTERY

57. The Plaintiff realleges and incorporates by reference paragraphs 1 – 56 above.

58. Defendant, Mr. Petasis, intentionally touched the Plaintiff at least a dozen times.

59. Mr. Petasis touches were intentional.

60. At no time did Plaintiff consent to a touching or use of force, do anything to provoke such touching or use of force, or act in a way whereby such touching or use of force would be considered acceptable.

61. Plaintiff alleges that the touches were more in the nature of hard solid hits to the back and shoulder.

62. In apprehension of an unwarranted touching, upon seeing the Defendant, Plaintiff would position himself to block or escape a blow.

63. This conduct was intentional, deliberate, and in disregard for the Plaintiff under the law.

64. By virtue of the Defendant's conduct as alleged herein, the Plaintiff has been injured.

## COUNT V
## RETALIATION

65. Plaintiff realleges and incorporates by reference paragraphs 1 - 64 above.

66. The Defendants' acts and/or omissions were intentional, willful, reckless, and discriminatory in nature and were directly motivated by Plaintiff's complaint of discrimination against the Defendants.

67. 42 U.S.C. § 1981, Title VII, and DCHRA guarantee protection of the law against retaliation for complaints of discrimination on the basis of race in employment practices.

68. By virtue of Defendants' conduct as alleged herein, Plaintiff has been injured.

## COUNT VI
## HOSTILE WORK ENVIRONMENT

69. Plaintiff realleges and incorporates by reference paragraphs 1 – 68 above.

70. Defendants' acts and/or omissions were intentional, willful, reckless, and discriminatory in nature and directly motivated by Plaintiff's race.

71. Defendants' acts and/or omissions were pervasively hostile, intimidating and offensive to Plaintiff.

72. The Defendants' acts and/or omissions would be perceived as hostile and offensive to a reasonable person similarly situated as Plaintiff.

73. The Defendants' acts and/or omissions were sufficiently intimidating, severe, pervasive, insulting and discriminatory as to alter the conditions of Plaintiff's employment and to create a hostile and abusive working environment.

74. By virtue of the Defendants' conduct as alleged herein, Plaintiff has been injured.

## COUNT VII
## WRONGFUL TERMINATION

75. Plaintiff realleges and incorporates by reference paragraphs 1 – 74 above.

76. The Defendants' acts and/or omissions were intentional, willful, reckless, and discriminatory in nature and were directly motivated by Plaintiff's complaint of discrimination against the Defendants.

77. 42 U.S.C. § 1981, Title VII, and DCHRA guarantee protection of the law against termination for complaints of discrimination on the basis of race in employment practices.

78. By virtue of Defendants' conduct as alleged herein, Plaintiff has been injured.

## PRAYER FOR RELIEF

a. Awarding the Plaintiff back wages and front pay;

b. Awarding the Plaintiff compensatory damages in an amount to be determined by a jury;

c. Awarding the Plaintiff punitive damages in an amount to be determined by a jury;

d. Awarding attorney fees and reimbursement of costs associated with this action to the Plaintiff's counsel;

e. Awarding the Plaintiff such other and further legal and equitable relief as may be appropriate in the interest of justice.

## JURY TRIAL REQUESTED

The Plaintiff, by counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

By: *[signature]*
Da'Net Sturdifen (DC Bar # 998236)
215 Century Place, #1202
Alexandria, VA 22304
Hendersonlawfirm.djh@gmail.com
Telephone: (804) 651 – 1108
Attorney for Plaintiff

Dated: January 22, 2014

# CIVIL COVER SHEET

JS-44 (Rev. 7/13 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Roger Daniel | The Johns Hopkins University, George Petasis, Shanna Hines |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Baltimore Court**<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Da'Net Sturdifen<br>215 Century Place #1202<br>Alexandra, VA 22304<br>(804) 651-1108 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place an X in one category, A-N, that best represents your Cause of Action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*
☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*
☐ 151 Medicare Act

Social Security
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

Other Statutes
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*   OR   ○ **F.** *Pro Se General Civil*

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 27 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Conditions
☐ 560 Civil Detainee – Conditions of Confinement

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

Other Statutes
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions
☐ 470 Racketeer Influenced & Corrupt Organization

☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 850 Securities/Commodities/Exchange
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. *Habeas Corpus/ 2255* | ⊙ H. *Employment Discrimination* | ○ I. *FOIA/Privacy Act* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☒ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi-district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII of the Civil Rights Act of 1964 (Plaintiff alleges discrimination based on race, hostile work environment, etc)

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ | DEMAND $<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☒   NO ☐ |
|---|---|---|---|
| VIII. RELATED CASE(S) IF ANY | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form |

DATE: 01/22/2014   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

VI.   CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.